**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50308 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03433-BEN |
| v. | |
| FRANCISCO GASTELUM-CAMPA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 9, 2014[**]

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Francisco Gastelum-Campa appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gastelum-Campa contends that the district court procedurally erred by failing to provide a sufficient explanation for the sentence imposed. Specifically, he argues that the district court failed to (1) explain why it rejected his argument that the mitigating factors justified a sentence of time served, (2) explain why the Guidelines range was inadequate, and (3) provide a meaningful justification for the extent of the variance imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately explained the sentence, including its reasons for rejecting Gastelum-Campa's arguments in support of a within-Guidelines sentence and for imposing an above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Gastelum-Campa also contends that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The 24-month sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors, including the need to deter and to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**